1
2
3
4
5               UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE
6                   WILMINGTON, DELAWARE
7                                              )
    DAOMING ZHANG,                             )
8               Plaintiff,                     )    Case No.
9                                              )
    v..                                        )    A # 099-428-654, EAC-06-008-52139
10                                             )    COMPLAINT FOR MANDAMUS
    MICHAEL CHERTOFF,                          )    AND DECLARATORY RELIEF
11  Secretary of the Department of Homeland Security, )
12  Washington, D.C.,                          )
    In His Official Capacity                   )
13                                             )
14  EMILIO GONZALEZ, Director of the           )
    U.S. Citizenship and Naturalization Services, )
15  Department of Homeland Security            )
    In His Official Capacity                   )
16                                             )
17  PAUL E. NOVAK, JR., Service Center Director, )
    Vermont Service Center of the Department of )
18  Homeland Security's U.S. Citizenship and   )
19  Immigration Services, St. Albans, Vermont, )
    In His Official Capacity                   )
20                                             )
21  DAVID L. ROARK, Service Center Director,   )
    Texas Service Center of the Department of  )
22  Homeland Security's U.S. Citizenship and   )
    Immigration Services, Dallas, Texas,       )
23  In His Official Capacity                   )
24                                             )
                    Defendants                 )
25  _____)

# COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF

## I. INTRODUCTION

1. This is a civil action brought to compel Defendants and those acting under the Defendants' direction to adjudicate the application for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255, by Plaintiff on September 28, 2005.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1361 and §1331. This action is filed in response to unreasonable agency delay and failure to act on Plaintiff's application for adjustment of status in violation of the Administrative Procedures Act ("APA") under 5 U.S.C.A. §702, as well as the failure to perform the mandatory duty to adjudicate the application. Venue is properly with this Court because Plaintiff resides in the State of Delaware.

3. The Plaintiff, Daoming Zhang, is an adult individual who is a national of China and resides lawfully in the United States. He resides at 1231 Riverside Drive, Wilmington, Delaware 19809.

4. Paul Novak, sued in his official capacity, as well as his successors and assigns, is the Director of the Vermont Service Center of the U.S. Citizenship and Immigration Service (USCIS), a Branch of the Department of Homeland Security. Plaintiff has filed his application for adjustment of status with that office and the office retains jurisdiction over the application. The USCIS, through the Vermont Service Center, has a mandatory duty to act on the application for adjustment of status within a reasonable period of time.

5. David L. Roark, in his official capacity, as well as his successors and assigns, is joined in this suit as Director of the Texas Service Center of the USCIS, because for some unexplained reason the case was sent to that Service Center for remote adjudication in March 2007.

6. Emilio Gonzalez is the Director of the USCIS who is also sued in his official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the adjudication of immigrant visa petitions as well as applications for permanent residence status under §245 of the Immigration and Nationality Act (INA), 8 U.S.C. §1255.

7. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"). As of March 1, 2003, DHS is the agency responsible for implementing the Immigration and Nationality Act ("INA"). Within DHS, the USCIS, formerly part of the Immigration and Naturalization Service (INS), is now responsible for implementing the provisions under which cases involving applications for adjustment of status to lawful permanent residents are adjudicated.

### III. BACKGROUND

8. Plaintiff is eligible for adjustment of status because he is a derivative beneficiary of an approved Immigrant Petition for Alien Worker and an Application for Adjustment of Status, filed by his spouse, Chendi Zhang, concurrently with Plaintiff's application, on September 28, 2005. The Application for Adjustment of Status of Plaintiff's spouse was approved by the USCIS on March 28, 2006. Under §203(d) of the INA, 8 U.S.C. §1153(d), the Plaintiff is entitled to the same status as the principal applicant based on marriage to the principal applicant.

9. On said application filing date, at which time the Plaintiff sought permanent residency pursuant to §245 of the INA, 8 U.S.C. §1255, he was in lawful immigration status, holding a visa pursuant to the H-4 category. *See,* §101(a)(15)(H), 8 U.S.C. §1101(a)(15)(H), as well 8 C.F.R. §214.2(h). He was, at the time of filing, and remains, fully eligible for adjustment of status to permanent residence.

10. The adjudication procedure involves the applicant's submission of the Application for Adjustment of Status. At the time of the filing of the application by the Plaintiff, that application was properly filed with the Vermont Service Center. It is the duty of the Vermont Service Center to timely adjudicate the application.

11. The Plaintiff has complied with all requests made by the USCIS to complete all of the necessary biometrics appointments required by the USCIS. He has provided all of the information requested by the agency and has applied with all of the appointment notices.

12. The Plaintiff has made repeated inquiries regarding the status of the Application for Adjustment of Status, through the USCIS's Customer Service telephone line, in writing to the Directors of the Vermont Service Center and the Texas Service Center where his application was inexplicably transferred, made in-person inquiries at the local District Offices in Washington, D.C., and Philadelphia, within which local jurisdiction he has resided during the past twenty-seven months, and has even sought inquiry assistance by the United States Senators for the two States, Virginia and Delaware, wherein he has been residing. *See* Affidavit of Daoming Zhang, attached. The Plaintiff only received one response to his correspondence with the Service Center Directors, and no response in writing from his many

Customer Service inquiries, although he did obtain an oral response from the Customer Service Officers who checked the computers, and at each turn, the response was a stock answer that the case was "pending." These numerous inquiries have continued throughout the more than 790 days of elapsed time since filing, as late as October 2007, and by counsel, Robert M. Foley, in November 2007.

13. It is the stated goal of the USCIS to complete all adjudication within six months of filing of the application. Further, the current listed processing time for the Vermont Service Center for applications of this type is approximately 18 months, and for the Texas Service Center, where the application currently resides, six months. In this regard, it is noted that the application was filed in 2005, over 27 months ago.

## IV. STATUTORY AND REGULATORY FRAMEWORK

14. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

15. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

## V. CLAIM FOR RELIEF

16. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating the application for adjustment of status filed over two years ago thereby depriving Plaintiff of his right to lawful permanent residence status and benefits conferred there.

17. In addition, Plaintiff avers that this long delay has caused him great emotional distress, as well as money in adjudicating extensions and filing this suit, and has cost him career advancement and the accrual of time towards that most precious of privileges, the filing for U.S. citizenship.

18. Defendants owe Plaintiff the duty to act upon his application for adjustment of status and have unreasonably failed to perform that duty.

19. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendants and those acting under them to perform their duty to adjudicate the application for adjustment of status owed to Plaintiff;

(2) Grant such other and further relief as this Court deems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

By, __/s/_____
Kevin Grubb, Esquire
Attorney I.D. No. 4409
Hogan & Vandenberg
4 East 8th Street, #302
Wilmington, DE  19801
(302) 225-2734

By, ___/s/_____
Robert M. Foley, By Motion Pro Hac Vice,
D.C. Bar No. 165233
Marks Holmes Foley & Morales, P.S.
SAFECO PLAZA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1001 4th Ave., Suite 3801
Seattle, WA 98154
(206) 621-2635

Attorneys for Petitioner

Date:   January _17__, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a copy of the foregoing Complaint for Mandamus and Declaratory Relief by first-class mail, certified return receipt, postage prepaid, this _____ day of January, 2008 on:

Paul E. Novak, Jr., Center Director  
Vermont Service Center  
DHS-USCIS  
75 Lower Welden Street  
St. Albans, VT  05479

David L. Roark, Center Director  
Texas Service Center  
DHS-USCIS  
4141 N. St. Augustine Road  
Dallas, TX 75227

Michael Chertoff, Secretary  
Department of Homeland Security  
U.S. Citizenship and Naturalization Services  
Washington, D.C.  20528

Emilio Gonzalez  
Department of Homeland Security  
U.S. Citizenship and Naturalization Services  
Washington, D.C.  20529

United States District Attorney  
District of Delaware  
1007 Orange Street  
Suite 700  
Wilmington, DE 19801

By, _____  
Kevin Grubb, Esq.

Hogan & Vandenberg LLC  
4 East 8th Street, #302  
Wilmington, DE  19801  
(302) 225 2734

≠JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DAOMING ZHANG

### DEFENDANTS
MICHAEL CHERTOFF, et al.

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **U.S. Govt.**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin Grubb, Hogan & Vandenberg, LLC,
4 E.8th St., Ste.302, Wilmington, DE 19801, 302-225-2734

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [X] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Complaint for issuance of a Writ of Mandamus

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/17/08
SIGNATURE OF ATTORNEY OF RECORD: Kevin Grubb

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 08 - 41

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

1/18/08
(Date forms issued)

X _(signature)_
(Signature of Party or their Representative)

X Jennifer Ibañez
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action